CARROLL, Judge.
This appeal is by the plaintiffs below from a judgment denying specific perform- *564 anee of an oral contract for the sale of real estate.
The appellant Dorothy Grillo, who will be referred to as the purchaser, alleged an oral contract was entered into between her and the appellee Jeanne M. Baker for sale by the latter to the former of certain improved real estate, a residential property of which the purchaser was then a lessee. It was alleged the contract was made some time after February 6, 1970; that the stipulated price was $60,000; with the sale to be deferred pending the outcome of a divorce suit between the seller and her husband, who owned a one-fourth interest in the property; and with provision for a written contract of sale to be made. Later a judgment of divorce was entered, in which the husband’s interest in the property was awarded to the wife (the seller) with direction to him to deed his interest therein to her. The husband appealed. The divorce judgment was affirmed. The husband timely filed a petition for certio-rari in the Supreme Court of Florida, which operated to stay further proceedings on the matter in the trial court and in the appellate court pending disposition of the petition for certiorari by the Supreme Court.
On April 1, 1972, during the period just referred to, and prior to final action thereon by the Supreme Court, the seller caused a written sale contract to be prepared. The purchaser signed the contract and submitted it to the seller with a deposit of $2,000. The seller did not sign the written contract. Also, during said period, and prior to a final determination as to disposition of the husband’s interest in the property, this action was filed and proceeded to trial and judgment.
In response to the complaint for specific performance, the seller answered, and counterclaimed for certain payments of rent which were alleged to be in default. Following trial before the court a final judgment was entered in favor of the defendants, denying specific performance, and dismissing the counterclaim without prejudice.
The appellant-purchaser contends the trial court committed error by denying specific performance and by failing to award damages in favor of the purchaser against the seller. The latter cross-assigned as error the provision of the judgment by which her counterclaim .was dismissed (without prejudice).
Upon consideration of the contentions of the parties, in the light of the record, briefs and argument, we hold no reversible error has been shown.
By decisions so numerous as to obviate necessity for their citation, it is established that the granting or withholding of a judgment for specific performance is a matter within the sound judicial discretion of the court, controlled by settled principles of law and equity applicable to the particular facts, and that the discretion of a court in denying specific performance of a contract will not be disturbed on appeal unless shown to be clearly erroneous, or otherwise an abuse.
The denial of specific performance represented the exercise of sound discretion by the trial court in the circumstances of this case. There was no written contract for the sale of the real estate. When the oral contract was made it was recognized that an interest in. the property was held by the seller’s husband. The seller’s anticipated acquisition of his interest through her divorce action had not been accomplished by the time of the trial and judgment in this case. As a result thereof the seller was not in a position to convey good and marketable title to the property. The purchaser insisted on a conveyance by warranty deed (which the seller was not in a position to make) and conveyance of an insurable title (which could not be done because of the record part ownership of the husband). The purchaser did not elect to accept such title as the seller was able to transfer, and at the trial expressed unwillingness to do so.
*565 We find no merit in the cross-assignment of error directed to the dismissal of the counterclaim. The dismissal thereof without prejudice indicates the court did not deny the counterclaim on the merits thereof.
For the reasons assigned the judgment is affirmed.